# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
JUN 26 2002
CHARLES R. FULBRUGE III
CLERK

---

No. 01-40808

---

D.C. Docket No. L-00-CV-134

JOHN NOLEN, Individually and on behalf of all persons similarly situated

Plaintiff - Appellant

v.

NUCENTRIX BROADBAND NETWORKS INC, also known as Heartland Wireless Communications, Inc; Et Al

Defendants

NUCENTRIX BROADBAND NETWORKS INC, also known as Heartland Wireless Communications, Inc; NUCENTRIX TELECOM; HEARTLAND CABLE TELEVISION; NUCENTRIX BROADBAND NETWORKS; NUCENTRIX INTERNET SERVICES; NUCENTRIX SPECTRUM; NUCENTRIX TELEPHONY; CYBERWAVE HEARTNET; CLEAR CHOICE TV; NUCENTRIX INTERNET SERVICES INC; HEARTLAND CABLE TELEVISION INC; SPECTRUM RESOURCES INC; WIRELESS ONE INC; CS WIRELESS SYSTEMS INC; CAI WIRELESS SYSTEMS INC; UNIDENTIFIED PARTIES, 1-34; STEPHEN FEINBURG; CERBERUS PARTNERS LP; CERBERUS INTERNATIONAL LTD; CERBERUS INSTITUTIONAL PARTNERS LP, its joint ventures and alliance members; DIRECTV INC; HUGHES ELECTRONICS CORPORATION; CROSS COUNTRY WIRELESS INC; RURAL VISION JOINT VENTURE, its officers and directors; CARROLL D MCHENRY; MARJEAN HENDERSON; AMY E IVANOFF; RICHARD B GOLD; TERRY S PARKER; NEIL S SUBIN; R TED WESCHLER; ROBERT S CECIL; JACK R CROSLY; J R HOLLAND, JR; JOHN A SPRAGUE; L ALLEN WHEELER; ISP ALLIANCE INC; WIRELESS ENTERPRISES LLC; PEOPLES CHOICE TV CORP

Defendants - Appellees

Appeal from the United States District Court for the Southern District of Texas, Laredo.

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

62

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-appellees the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: JUL 18 2002

OP-OA-J-1

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By ______
Deputy
New Orleans, Louisiana JUL 18 2002

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
JUN 26 2002
CHARLES R. FULBRUGE III
CLERK

No. 01-40808

JOHN NOLEN, Individually and on behalf of all persons similarly situated,

Plaintiff-Appellant,

versus

NUCENTRIX BROADBAND NETWORKS INC, also known as Heartland Wireless Communications, Inc; Et Al,

Defendants,

NUCENTRIX BROADBAND NETWORKS INC, also known as Heartland Wireless Communications, Inc; NUCENTRIX TELECOM; HEARTLAND CABLE TELEVISION; NUCENTRIX BROADBAND NETWORKS; NUCENTRIX INTERNET SERVICES; NUCENTRIX SPECTRUM; NUCENTRIX TELEPHONY; CYBERWAVE HEARTNET; CLEAR CHOICE TV; NUCENTRIX INTERNET SERVICES INC; HEARTLAND CABLE TELEVISION INC; SPECTRUM RESOURCES INC; WIRELESS ONE INC; CS WIRELESS SYSTEMS INC; CAI WIRELESS SYSTEMS INC; UNIDENTIFIED PARTIES, 1-34; STEPHEN FEINBURG; CERBERUS PARTNERS LP; CERBERUS INTERNATIONAL LTD; CERBERUS INSTITUTIONAL PARTNERS LP, its joint ventures and alliance members; DIRECTV INC; HUGHES ELECTRONICS CORPORATION; CROSS COUNTRY WIRELESS INC; RURAL VISION JOINT VENTURE, its officers and directors; CARROLL D MCHENRY; MARJEAN HENDERSON; AMY E IVANOFF; RICHARD B GOLD; TERRY S PARKER; NEIL S SUBIN; R TED WESCHLER; ROBERT S CECIL; JACK R CROSLY; J R HOLLAND, JR; JOHN A SPRAGUE; L ALLEN WHEELER; ISP ALLIANCE INC; WIRELESS ENTERPRISES LLC; PEOPLES CHOICE TV CORP,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Plaintiff-Appellant John Nolen filed this lawsuit on behalf of a class of similarly situated cable subscribers against Nucentrix Broadband Networks, Inc., various other related corporations, subsidiaries, and individual directors named in Nolen's notice of appeal (collectively, "Nucentrix") for violations of the Federal Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. § 1961 et seq. Specifically, Nolen alleged that Nucentrix collected unlawful debts in the form of late fees from cable subscribers in violation of 18 U.S.C. §§ 1962(a), (c), and (d).

Nucentrix filed a motion to dismiss Nolen's suit. While that motion was pending, the district court dismissed a factually identical suit brought by the same attorneys representing Nolen on behalf of a separate class of plaintiffs. *See Rivera v. AT&T Corp.*, 141 F. Supp. 2d 719 (S.D. Tex. 2001). Based on its decision in *Rivera*, the district court then dismissed Nolen's claims for failure to state a claim upon which relief could be granted. *See* FED. R. CIV. P. 12(b)(6). The trial court concluded that Nolen merely recharacterized the same facts the court had addressed and dismissed in *Rivera* so as to match the language of the relevant RICO provisions. Nolen now appeals the district court's decision.

Nucentrix provides cable services to their customers pursuant to an agreement in which the

subscribers agree to pay a monthly fee for the use of cable equipment as well as cable programming content. Depending on the particular mix of equipment and programing purchased, an average customer's bill can range from $16.70 to $141.90. The agreement further provides that customers must pay an "administrative fee" between $3.00 and $5.00 if they are delinquent in making one of their monthly payments. Thus, the additional "late fee" could constitute up to thirty percent of the amount actually due at the end of a month. Nolen claims that these fees are usurious under Texas law and, therefore, Nucentrix is engaged in the business of collecting unlawful debts in violation of 18 U.S.C. § 1962(c). Nolen further claims that he has been injured by reason of Nucentrix's use and investment of income from their collection of these unlawful debts in violation of 18 U.S.C. § 1962(a). In addition, he alleges that Nucentrix conspired to collect an unlawful debt in violation of 18 U.S.C. § 1962(d).[1]

This appeal arises from the district court's dismissal of Nolen's claims pursuant to FED. R. CIV. P. 12(b)(6). We evaluate the district court's grant of Nucentrix's Rule 12(b)(6) motion *de novo*, applying the same standard used by the district court. In doing so, we accept the facts alleged in the complaint as true and construe the allegations in the light most favorable to the plaintiffs. *See Rubinstein v. Collins*, 20 F.3d 160, 166 (5th Cir. 1994). Nevertheless, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

---

[1]Nolen also argues that Nucentrix was unjustly enriched through its collection of late fees. Nolen seeks restitution of the late fees Nucentrix collected on the theory that Nucentrix violated the Texas usury statute. TEX FIN. CODE § 305.007 provides, however, that "[t]he penalties provided by the [usury chapter] are the only penalties for violation of this subtitle for contracting for, charging, or receiving interest in an amount that produces a rate in excess of the maximum rate allowed by law. *Common law penalties do not apply.*" TEX FIN. CODE § 305.007 (emphasis added). Thus, the district court properly dismissed Nolen's unjust enrichment claim because restitution for unjust enrichment is a common law penalty, expressly prohibited by the Texas Finance Code.

Nolen first alleges that Nucentrix collected an "unlawful debt" in violation of 18 U.S.C. § 1962(c).[2] 18 U.S.C. § 1961(6) defines the term "unlawful debt" as:

> [A] debt (A) incurred or contracted in gambling activity which was in violation of the law of the United States, a State or political subdivision thereof, or which is unenforceable under State or Federal law in whole or in part as to principal or interest because of the laws relating to usury, and (B) which was incurred in connection with the business of gambling in violation of the law of the United States, a State or political subdivision thereof, or the business of lending money or a thing of value at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

18 U.S.C. § 1961(6). Nolen does not allege that Nucentrix was engaged in any gambling activities. Thus, in order for Nolen to establish that Nucentrix collected an "unlawful debt," he must demonstrate that Nucentrix (1) was in the business of lending money or a thing of value; (2) collected a debt that was unenforceable under Texas usury laws; and (3) that the debt Nucentrix collected was at least twice the enforceable rate under Texas law. *See Durante Bros. & Sons Inc. v. Flushing Nat'l Bank*, 755 F.2d 239, 248 (2d. Cir. 1985) (setting out the elements of a cause of action under § 1962(c)).

In *Rivera*, the district court concluded that fixed administrative late fees, such as the ones at issue here, were not usurious as a matter of law. *Rivera*, 141 F. Supp. 2d at 723-24. We summarily affirmed the district court's decision. *Rivera v. AT & T Corp*, No. 01-40953 (5th Cir. Mar. 25, 2002) (unpublished). Our decision in *Rivera* is controlling here. A fixed administrative or late fee charged under a rental or service agreement is not regarded as interest under Texas law. *Rivera*, 141 F. Supp.

---

[2]Section 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

18 U.S.C. § 1962(c).

2d at 724 (holding that "late fees charged are not construed as 'interest' under Texas law"). Thus, Nolen has failed, as a matter of law, to establish that Nucentrix collected an "unlawful debt." The district court correctly relied on its decision in *Rivera* in dismissing Nolen's § 1962(c) claim.

Nolen next challenges the district court's ruling that, as a matter of law, he suffered no cognizable injury under 18 U.S.C. § 1962(a).[3] Here, Nolen is asserting a civil RICO claim. Thus, § 1962(a) must be read in conjunction with 18 U.S.C. § 1964(c), which creates a civil cause of action for damages resulting from violations of § 1962. 18 U.S.C. § 1964(c) states: "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor . . . and shall recover threefold the damages he sustains." We have consistently held that the causal language of § 1964(c) requires that the compensable injury stem directly from the violation of the RICO section in question. *See, e.g., Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 584 (5th Cir. 1992) (holding that there must be a nexus between the claimed violation and the plaintiff's injury); *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995) (same). For claims arising under § 1962(a), alleging an injury solely from the predicate racketeering acts themselves is not sufficient because § 1962(a) does not prohibit those acts. *Parker & Parsley*, 972 F.2d at 584. Instead, "any injury must flow from *the use or investment of racketeering income.*" *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000) (emphasis added). Here, Nolen's alleged injury stems

[3] 18 U.S.C. § 1962(a) provides, in relevant part:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of section 2, title 18, United States Code, to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a).

solely from Nucentrix's assessment and collection of late fees, not from Nucentrix's use or investment of those fees. As such, Nolen has failed to assert a valid claim under § 1962(a). *Parker & Parsley*, 972 F.2d at 584.

Nolen also asserts a claim under 18 U.S.C. § 1962(d), which prohibits conspiring to violate §§ 1962(a) and (c).[4] The "failure to plead the requisite elements of either a § 1962(a) or a § 1962(c) violation implicitly means that [Nolen] cannot plead a conspiracy to violate either section." *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000). Thus, the district court also correctly dismissed Nolen's conspiracy claims.

For the foregoing reasons, we AFFIRM the district court's dismissal of Nolen's claims.

[4]18 U.S.C. § 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." 18 U.S.C. § 1962(d).